[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE' TERMINATION OF PARENTAL RIGHTS
The Commissioner of the Department of Children and Families (DCF) has filed a petition in this case by which she seeks to terminate the parental rights interest of Nicole C. and Dennis W. to their child, Sherrea, and to terminate the parental rights of Nicole C. and Larry G. to their children, Iesha G. and Renee C.
The petition to terminate parental rights (hereafter referred to as the TPR) is predicated upon the following four grounds: 1) abandonment; 2) prior finding of neglect and lack of personal rehabilitation; 3) no on-going parent/child relationship; and 4) termination of parental rights of a prior child. Grounds 1 through 3 are asserted against respondents Nicole C., Dennis XV. and Larry G. Ground number 4 is asserted only against respondent Nicole C.
 I. Background Facts as to minor Sherrea W. and her Parents Nicole C. and Dennis W. A. The Neglect Petition re' Sherrea C. and her Parents
Sherrea W. was born on December 1988, to Nicole C. and Dennis W. On March 24, 1997, the Commissioner of the Department of Children and Families (DCF) filed a Neglect Petition alleging, inter alia, that Sherrea W. was neglected in that 1) she was being denied proper care and CT Page 2133 attention physically, educationally, emotionally or morally and 2) she was being permitted to live under conditions, circumstances or associations injurious to her well-being. The factual predicate of the charge of neglect rests in DCF's contention that mother Nicole has a history, of substantially ineffectively treated substance abuse which negatively impacted upon her care of her daughter Sherrea and resulted in the latter's excessive absences from school as well as her severe speech and language delays. DCF further alleged that father Dennis W. was not a resource for the Sherrea.
On September 26, 1997, the Court granted an Order of Temporary Custody in the Neglect case placing Sherrea into the legal custody of DCF based upon an affidavit attesting to mother Nicole C.'s insistence that DCF take then nine-year old Sherrea from her house under threat that otherwise she would harm the child.
An adjudication in the Neglect case was rendered on January 13, 1998, when the court found that Sherrea C. was neglected by her parents. Furthermore, the court then committed the custody of Sherrea C. to DCF until January 13, 1999. That commitment has been extended. Thereafter DCF took the position that termination of parental rights is in Sherrea's best interest. On July 9, 2001, DCF filed the Petition to Terminate the parents' parental rights.
 B. The TPR case of minor Sherrea W. and her parents Nicole C. and Dennis W.
In deciding a TPR case, the deliberation of the court must result in findings in two phases, namely: the adjudicative phase; and the disposition phase. In the adjudicative phase this court must decided whether DCF has proved one or more of the following grounds upon which its' TPR case is based, namely: abandonment; a prior finding of neglect and a lack of personal rehabilitation; no on-going parent/child relationship.
At the trial of this TPR case the court heard testimony from a social worker from DCF, and received several exhibits in evidence, including a Social Study for Termination of Parental Rights. Both Nicole C. and Dennis W. were defaulted for nonappearance. From the evidence adduced at the trial the court makes the findings incorporated in the text of this opinion. The findings are supported by clear and convincing evidence.
 1. Adjudicative Grounds and Findings re' Sherrea W. and her parents Nicole C and Dennis W. a). Abandonment CT Page 2134
Connecticut General Statutes Section 17a-112 (j) states in part that "[t]he Superior Court . . . may grant a petition [to terminate parental rights] where . . . the child has been abandoned by the parent in the sense that the parent has failed to maintain a reasonable degree of interest, concern or responsibility as to the welfare of the child."
 i) Abandonment by mother Nicole C.
Nicole C. has not visited with Sherrea since March of 2000. Her whereabouts were unknown to DCF and to Sherrea for a substantial period of time. She has failed to send cards, gifts, or letters to Sherrea. Nicole C. has informed DCF that she does not want Sherrea in her life. The court finds that Nicole C. has abandoned Sherrea `. . . in the sense that [she] has failed to maintain a reasonable degree of interest, concern or responsibility. . . ." for her child.
 ii) Abandonment by father Dennis W.
Dennis W. has not visited with his daughter Sherrea nor contacted DCF since October of 1997. Dennis W. has failed to financially support or to send letters, cards or gifts to Sherrea. The court finds that Dennis W. has abandoned Sherrea `. . . in the sense that [he] has failed to maintain a reasonable degree of interest, concern or responsibility . . ." for her.
 b) Prior Adjudication of Neglect and Lack of Personal Rehabilitation Conn. Gen. Stat. Sec. 17a-112j (3)(b)
An adjudication of neglect was entered as to Sherrea W. on January 13, 1 998, and since that date she has been committed to the custody of DCF. Although DCF offered Nicole C. the opportunity to avail herself of a full range of services to conquer her addition to drugs, she was unsuccessful in doing so. Nicole C.'s drug addition is a major factor in her lack of rehabilitation, Dennis W. also struggled with drug addition. He too failed to take advantage of DCF offered services for drug rehabilitation.
 c) No on-going Parent-Child Relationship, Conn. Gen. Stat. Sec. 17a-112j (3)(D)
Inasmuch as Nicole C. and Dennis W. have no contact at all with their daughter Sherrea, and have not had any contact with her for a long time, the court finds that there is no meaningful relationship that has developed ". . . as a result of a parent having met on a day to day basis CT Page 2135 the physical, emotional, moral and educational needs of [their] child. . . ." C.G.S. § 17a-112 (j)(3)(D)
 II. Background Facts as to Minors Iesha C. and Renee C. and their Parents Nicole C. and Larry G. A. The Neglect Petition re' Iesha G., Renee C. and their Parents
Iesha G. was born on November 1992, and Renee C. was born on December 1995 to Nicole C. and Larry G. The Commissioner of the Department of Children and Family filed a separate Neglect Petition on March 24, 1997, in which she alleged, inter alia, that as to Iesha C. and Renee C., each was neglected in that 1) she was being denied proper care and attention physically, educationally, emotionally, or morally and 2) she is being permitted to live under conditions, circumstances or associations injurious to her well-being.
On September 26, 1997 — while each Neglect Petition was pending — the court issued an Order of Temporary Custody entrusting the custody of Iesha and Renee to DCF for their protection. The presenting problem was that mother Nicole C. had a history of essentially untreated substance abuse, an inability to maintain stable housing, poor parenting skills, that she had left the children home alone; and that she threatened to leave them home alone in the future, if she felt that she needed to do so. Furthermore, father Larry G. was not available as a resource for his children.
Although DCF offered rehabilative services to the parents they did not accept the range of services offered and did not benefit from them in a significant manner. On January 1 9, 200 (3. the court entered an adjudication in which it found that Iesha and Renee were neglected, and then committed their custody to DCF from January 19, 2000 to January 18, 2001. The commitment has been extended.
 B. Proceedings on the Petition to Terminate Parental Rights
After deciding that Nicole C. and Larry C. had not benefitted from the Services offered and that the children ought to he released from the parental authority of Nicole C. and Larry C. the Commissioner decided to file with the court a Petition to Terminated the Parental Rights of Nicole C. and Larry G. to Iesha and Renee. That petition was filed on July 12, 2001.
Following deliberations upon the testimonial and documentary evidence presented at the trial on the Petition to Terminate Parental Rights, including the Report of the Psychologist, the court sets out its findings CT Page 2136 below. The findings are based upon clear and convincing evidence.
 1) Adjudicative Grounds and Findings re' Iesha and Renee and their parents Nicole C. and Larry G. a) Abandonment
As stated earlier abandonment is the failure of a parent ". . . to maintain a reasonable degree of interest, concern or responsibility as to the welfare of the child." Conn. Gen. Stat. Sec. 17a-112 (j)
 i) Abandonment by mother Nicole C.
Although DCF offered mother Nicole C. the opportunity to visit with her children, she has not visited with Iesha and Renee since September 25, 2000. Nicole C. has not supported Iesha and Renee, not has she sent them cards, letters or other correspondence.
 ii) Abandonment by father Larry G.
Father Larry G. has had periodic visits with his children. However, the visits were sporadic. Although he has sent some cards and correspondence to his daughters those cards are correspondence must be considered few given the ages of Iesha and Renee. Larry G's history includes periods of incarceration.
The court finds that the level of each parent's involvement in the lives of Iesha and Renee demonstrates that they have abandoned them in the sense that they have ". . . failed to maintain a reasonable degree of interest, concern or responsibility as to the[ir] welfare. . . ."
 b) Prior Adjudication of Neglect and Lack of Personal Rehabilitation
As noted earlier Iesha G. was committed to DCF by an adjudication of neglect on January 19, 2000. Thus, the question in this context is whether Nicole C. and Larry 0., the parents of these children, rehabilited themselves so as to be in a position to function as their caretakers. Unfortunately, the answer to this question is in the negative. Nocole C. did not accept the full panoply of services offered by DCF to address her addition to drugs, nor did she accept the responsibility of obtaining and maintaining adequate housing for the children.
Larry G. failed to accept the DCF offer of his submitting to a substance abuse assessment and following treatment recommendations. CT Page 2137 Furthermore, he did not maintain housing and legal income for the support of his children. Although he promised DCF that he would not he involved in the criminal justice system, he was incarcerated for larceny on September 11, 2001.
 c) No on-going Parent-Child Relationship
Inasmuch as Nicole C. and Larry G. have had inconsistent and limited visitation with Iesha and Renee, there is no on-going parent-child relationship that one would expect to develop ". . . as a result of a parent having met on a day to day basis the physical, emotional, moral and educational needs of [their] children." See C.G.S. § 17a-112 (j)(3) (D).
 d). Termination of parental Rights of a prior Child, Conn. Gen. Stat. Sec. 17a-112j (3)(E)
On June 1994, Nicole C. gave birth to Donel G. On July 24, 1995, the court terminated Nicole C.'s parental rights to this child. Donel G. was adopted on May 19, 1997.
 III. Conclusion regarding Adjudicative Findings regarding Nicole. C. Iesha G. and Renee C., and their Parents
The foregoing analyses certainly establishes that DCF has proved that the aforesaid statutory grounds for termination of parental rights exists. The court must now decide whether termination of parental rights is in the best interest of each child. In re Kasheema L.,56 Conn. App. 484, cert. den. 252 Conn. 945 (2000).
 1V. Dispostional Findings Applicable to Each Parent's Case
The court must now turn its attention to the issue of whether termination of parental rights is in the best interest of the children. In re Romance M., 229 Conn. 345 336-57 (1994). In making this determination the court must heed the legislative directive to make findings consistent with the subject areas which follow
 A.. Timeliness, Nature and Extent of Services
Throughout its involvement with her life, DCF has offered comprehensive services to Nicole C. The services included substance abuse evaluation and treatment, housing assistance, and family therapy, visitation and case management. CT Page 2138
Throughout its involvement with Dennis W. DCF offered services to combat his abuse of substances, and to facilitate visitation with his child.
DCF also offered Larry 0. services to facilitate visitation with his children.
 B. Whether DCF made reasonable Efforts to unify the Respective Families
DCF made reasonable efforts to reunify each family by offering the services identified in part 1V-B 1 above, and as further specified in the Social Study for Termination of Parental Rights.
 C. The Terms of any applicable Court Order agreed upon by the Agency and Parent, and the Extent to which there has been Compliance with the Order
On January 13, 1998, Nicole C. signed a list of Expectations. [3y so signing she agreed, inter alia, to keep her whereabouts known to DCF, to participate in counseling, to secure adequate housing and income, and to not abuse drugs. The Court approved the list of expectations as a court order. The court finds that Nicole C. had minimal compliance with the agreed-upon court order.
 D. The Feelings and emotional Ties of the Children with respect to their Parents, and with any Person who has exercised physical Care, Custody or control of the Children. 1) Sherrea C. as to her Parents. Nicole C. and Dennis W.
Sherrea, age 13, has been in counseling since 1997. Her mother, Nicole C. has stated that she does not want Sherrea to live with her. Sherrea lives with her foster mother with whom she has a close bond.
 2). Iesha G. and Renee C. and their Parents, Nicole C. and Larry G.
Iesha, age 9, and Renee, age 6, are not emotionally tied to their parents, Nicole C. and Larry G. The biological parents are not the psychological parents of these children. The children reside in a foster home which they share with their half-sister, Sherrea. This is where all of the children wish to remain. CT Page 2139
 E. The Efforts the Parents have made to adjust their Circumstances, Conduct or Conditions to make It in their best Interest of the Children to return to their Home in the Foreseeable Future
Although Nicole C. entered several substance abuse programs, she has not completed her treatment for substance abuse. There is no evidence that Dennis W. has completed his substance abuse treatment. Larry G. reports that he has completed his substance abuse treatment; however, any such treatment is recent, and untested.
 F. The Extent to which a Parent has been prevented from maintaining a meaningful Relationship with the child(ren) by the unreasonable Act or Conduct of any Person or by the economic Circumstances of the Parent
The court finds that there is no evidence that any person or circumstance, outside of the control of any one of the parents in this matter, prevented maintaining a meaningful parental relationship.
 V. ORDERS TERMINATING PARENTAL RIGHTS A. AS TO THE PARENTAL RIGHTS OF NICOLE C. AND DENNIS W. IN SHERREA C.
The court hereby terminates the parental rights of Nicole C. and Dennis W. as to Sherrea C., for the reason that such termination is in the best interest of Sherrea C.
 B. AS TO THE PARENTAL RIGHTS OF NICOLE C. AND LARRY G. IN IESHA G. AND RENEE C.
The court hereby terminates the parental rights of Nicole C. and Larry G. as to Iesha G. and Renee C. for the reason that such termination is in the best interest of these children.
 VI. ORDER APPOINTING STATUTORY PARENT
The court hereby appoints the Commissioner of the Department of Children and Families as the Statutory Parent of minors Nicole C., Iesha G. and Renee C., and orders the Commissioner to file the appropriate written reports, required by state and federal law, which show her efforts to effect permanent placement of these children.
___________________ Clarance J. Jones, Judge CT Page 2140